IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KALIN THANH DAO,<br>Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:11-CV-145-Y |
| JOE KEFFER, WARDEN,<br>F.C.-FORT WORTH,<br>Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Kalin Thanh Dao, Reg. No. 14400-041, is a federal prisoner incarcerated in the Federal Medical Center in Fort Worth, Texas (FMC-Fort Worth).

Respondent Joe Keffer is Warden of the FMC-Fort Worth.

#### C. PROCEDURAL HISTORY

In the instant proceeding, petitioner challenges the validity of her 2010 convictions for mail and wire fraud and money laundering in the District of Minnesota. *See United States v. Dao,*

PACER, Public Access to Court Electronic Records, Criminal Docket for # 0:09-CR-00048-JNE-JJG-1. Petitioner appealed, complaining the trial court abused its discretion by imposing an unreasonable sentence. *United States v. Dao*, No. 10-1660, slip op., 2011 WL 1743881 (8th Cir. May 6, 2011) (not designated for publication). Petitioner filed the instant petition under § 2241 in this district, where she is currently serving his sentences. She claims she is actually innocent of the offense(s) in light of the Supreme Court decisions in *Skilling v. United States*, 130 S. Ct. 2896 (2010), *Black v. United States*, 130 S. Ct. 2963 (2010), *Weyhrauch v. United States*, 130 S. Ct. 2971 (2010), and *United States v. Santos*, 553 U.S. 507 (2008).

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of a conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, petitioner must show that: (1) her claim is based on a retroactively applicable Supreme Court decision, (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the

§ 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Respondent has filed a motion to dismiss the petition for want of jurisdiction because petitioner's direct appeal in the Eighth Circuit remains pending; thus, respondent argues that petitioner cannot meet the second prong of the "savings clause." (Resp't MTD at 1-3) Since the filing of respondent's motion, however, the Eighth Circuit has affirmed the trial court's judgment. Nevertheless, petitioner still cannot meet the second prong of the test. Petitioner has not yet filed a § 2255 motion, and she is not foreclosed from doing so. Consequently, petitioner cannot show that the § 2255 remedy is inadequate or ineffective under the "saving clause." *See Pack*, 218 F.3d at 452. Therefore, the petition must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended that this petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 26, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify

3

the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until July 26, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July __5__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE